JESS ANDREWS V. THE STATE.

No. 6824.   Decided March 29, 1922.

**1.—Keeping Disorderly House—Witness Before Grand Jury—Motion in Bar.**

Where, upon appeal from a conviction of keeping a disorderly house, the record showed that the trial court after considering the evidence offered by the appellant in support of his motion in bar, claiming that he was before the grand jury as a witness, concluded that the motion was not supported by the evidence, there was no error in overruling same.

**2.—Same—Evidence—Bill of Exceptions—Conduct of Trial Judge—Examining Witness.**

Where appellant had a bill of exceptions to the action of the trial court in himself questioning appellant at the time the issue was joined between the appellant and the State, upon the motion in bar of the prosecution, because of being a witness before the grand jury, no harm resulted to the appellant therefrom, there was no reversible error.

**3.—Same—Requested Charges—Must be Pertinent.**

Where the requested charges were not pertinent to the evidence, there was no error in refusing them.

Appeal form the County Court of Howard.   Tried below before the Honorable James T. Brooks.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days in jail.

The opinion states the case.

*W. Carroll Barnett, Jr.,* for appellant.—On question of conduct of trial judge in examining witness: Harrell v. State, 39 Texas Crim. Rep., 204; Drake v. State, 143 S. W. Rep., 1157.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of witness before grand jury: Ex parte Adams, 174 S. W. Rep., 1044.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Howard County of the offense of keeping a disorderly house, and his punishment fixed at a fine of $200 and twenty days in the county jail.

Appellant presented a motion in bar of his prosecution based on a claim that he was before the grand jury as a witness and gave evidence and by reason thereof was not subject to prosecution.   The bill of exceptions reserved to the court's action in overruling said motion sets forth that appellant was called before the grand jury of Howard County at the February term, 1921, and that he was asked about hauling women out to his house in December, 1920, and as to hauling men out to said house.   The qualification of the trial court to this bill of exceptions is in effect that the demurrer of the State to appellant's said motion in bar, was sustained by the court.   Referring to the said demurrer of the State, we observe that same appears to be a denial of the facts stated in appellant's motion in bar, and an

assertion of the fact that appellant voluntarily appeared before said grand jury in February, 1921, in reference to other matters, and that none of the testimony stated by him in his motion to have been given, was in fact given. In this condition of the record the motion of appellant, contravened by the denial of the State, made an issue of fact in support of which appellant offered to introduce certain testimony in support of his said plea in bar. Said testimony is set out in a lengthy bill of exceptions which is approved by the trial court. In said bill of exceptions it is made to appear that when before the February grand jury appellant testified that he hauled from Big Springs out to his house, the keeping of which as a disorderly house is the basis of the conviction in the instant case, certain named men who appeared to have been used as witnesses against him on this trial. The bill further discloses that a number of the grand jurors made statements denying that appellant gave any testimony before them upon which the instant prosecution was based, and denying that they compelled him to answer any question relative to his connection with any crime, or that he was caused to give evidence in any way relative to such criminal enterprise. It was shown that the February grand jury was not investigating or concerned with any violation of the law in anywise connected with this appellant.

In this condition of the record it would appear that the trial court, after considering the evidence offered by appellant in support of his motion in bar, concluded that the motion was not supported. Reviewing the offered testimony as contained in said bill, we are unable to conclude that there was error in this conclusion of the trial court. No indictment was returned against appellant by the February grand jury. The instant indictment was returned by the September grand jury. We find nothing in the record to indicate that any of the testimony given by appellant before the February Grand jury was involuntary, or that same was attempted to be used against appellant in any way, nor it is made to appear that the instant criminal action and proceeding was brought against appellant as the result of any testimony given by him before the February grand jury.

Appellant has a bill of exceptions to the action of the trial court in himself questioning appellant at the time the issue was joined between appellant and the State upon the motion in bar of the prosecution heretofore discussed. We have carefully examined the three questions propounded by the trial court but find nothing in same that are suggestive or that were in themselves calculated to prejudice the rights of the appellant before the jury, even if it were shown that the hearing upon the preliminary motion of appellant had taken place after the impaneling of the jury to try the instant case, which latter fact, is not certified to by the trial court and does not appear. The form of said three questions as originally stated by appellant in his bill of exceptions No. 3, is not approved by the trial court in his approval of said bill. The statement of said questions

which appears in the qualification of the court to said bill of exceptions, seems to us to entirely negative the possibility of any harm having resulted to appellant therefrom, even had this inquiry been in the presence of the trial jury. We do not think trial courts are to be barred from asking questions which occur to them as necessary to clarify issues or matters dependent upon testimony of some witness before the court.

There appear in the record no exceptions to the charge of the trial court. Three special charges were asked, two of which are directed toward the issue of an acquittal in the event appellant had testified before the grand jury relative to facts upon which the instant proescution was based. Said charges were not pertinent to any issue in the case, the trial court having sustained the State's demurrer to the motion in bar, which is discussed above. The remaining special charge was a request for a peremptory instruction of not guilty.

Finding no error in the record for which the case should be reversed, an affirmance is ordered.

*Affirmed.*